IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CHASE TYLER WHITSON,          )
                              )
            Plaintiff,        )          4:12CV3173
                              )
      v.                      )
                              )
CAROLYN W. COLVIN, Acting     )          MEMORANDUM OPINION
Commissioner of the Social    )
Security Administration,      )
                              )
            Defendant.        )
_____)
```

This matter is before the Court on the complaint of plaintiff Chase Tyler Whitson ("Whitson") for review of the defendant's denial of Social Security Disability Benefits.

I. Standard of Review

When reviewing an ALJ's decision, the Court "must determine 'whether the ALJ's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Martise v. Astrue*, 641 F.3d 909, 920 (8th Cir. 2011) (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "In the review of an administrative decision, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight. Thus, the Court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." *Id*. at 921 (quoting *Halverson*, 600 F.3d at 929). Substantial evidence "is less than a preponderance, but enough

that a reasonable mind might accept as adequate to support a conclusion." *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009)). However, the Court may not reverse the Commissioner's decision "simply because some evidence may support the opposite conclusion." *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (quoting *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)).

## II. Analysis

The claimant alleges two errors by the ALJ that lead to a decision unsupported by substantial evidence. The Court will address each issue in turn.

A. Hypothetical to the Vocational Expert

Claimant contends that the ALJ failed to pose a hypothetical to the vocational expert that included all of the limitations supported by the evidence. The hypothetical posed to the vocational expert must include all limitations supported by the record. *Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996). However, as discussed below, the ALJ's decision to exclude certain limitations was supported by substantial evidence.

According to the claimant, testimony from his father indicated limitations that were not included. The ALJ considered the father's testimony and explained that it was due "little weight" because it was "not entirely consistent with the fact

that the claimant is stable when he is compliant with his medication."  The ALJ balanced the father's testimony that "anything stressful puts the claimant into a manic state" against the reports of the claimant's treating physician which indicated that "claimant was stable when he was compliant with taking his medication" and came to the reasonable conclusion that the father's testimony deserved "little weight."

In refusing to credit the father's testimony, the ALJ also noted that the father's "statements are inconsistent with the claimant working above the SGA level for a significant period of time."  Claimant argues that because he has not been substantially gainfully employed since 2006, the ALJ's decision to disregard his father's testimony on that basis unreasonably relied on employment that had long since ceased.

Contrary to claimant's contention, the ALJ found that claimant met the requirements for substantial gainful activity in 2009 and the first quarter of 2010.  The ALJ's finding was based on the Social Security Administration regulations which provide guidelines for substantial gainful activity where wages exceed a specified amount for a particular year.  *See* 20 CFR 404.1574.  Claimant has not substantiated his contention that he has not been gainfully employed since 2006 or rebutted the ALJ's findings of SGA in 2009 and 2010.  The ALJ's balancing of recent substantial gainful activity against the father's testimony

-3-

regarding limitations during that period was reasonable.  The ALJ fully complied with his duty to consider contradictory evidence and made a reasonable determination that the contradictory evidence was due little weight.

Claimant also contends that evidence suggesting a GAF score below 60 was ignored in determining his Residual Functional Capacity.  The ALJ did consider the claimant's GAF scores but determined that when claimant was compliant with his medication regimen, the GAF scores were consistently above 50 -- a score that "*may* be associated with a serious impairment in occupational functioning."  *Cox v. Astrue*, 495 F.3d 614 (8th Cir. 2007) (emphasis added).  In determining the severity of the impairment, the ALJ also considered the more detailed analysis performed by Drs. Schroeder and Kimzey as well as the fact that claimant had engaged in substantially gainful activity for significant periods after the alleged onset date of April 15, 2005.  GAF scores are not conclusive evidence of a claimant's level of mental functioning.  *See Hudson ex rel. Jones v. Barnhart*, 345 F.3d 661, 666 (8th Cir. 2003).  This is especially true where, as here, the claimant maintained higher GAF scores when compliant with his medication regimen.  The ALJ's determination that the latter data was more accurate in determining the claimant's level of mental functioning was not unreasonable.  Rather, the ALJ supported his

determination with substantial evidence from the record that contradicted the primacy of the low GAF scores.

Having found that the ALJ made no error in determining the limitations which were presented to the vocational expert, the Court finds that the RFC was supported by substantial evidence.

B. Discontinuing Treatment Due to Lack of Financial Resources

Aside from listing this issue under the heading "Statement of the Issues" and quoting from a topical case, claimant made only passing reference to this issue in his brief. Claimant's brief contains no argument or citations to the record that indicate a financial hardship or a link between that hardship and claimant's decision to discontinue treatment. Rather, the ALJ noted the treatment records of claimant's physicians which indicated that he frequently failed to follow through or show up for appointments.  Given that claimant has failed to point to any evidence in the record that would suggest the ALJ should have considered claimant's lack of financial resources, the evidence cited by the ALJ is the sole evidence regarding claimant's motivation for discontinuing treatment. For the foregoing reasons, the Court finds the Commissioner's

decision should be affirmed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of September, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court